# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ALPHA ENTERTAINMENT LLC | : | U.S. Bankruptcy Court for the District of |
| | : | Delaware, Case No. 20-10940 (LSS) |

| | | |
|---|---|---|
| PETER HURWITZ, solely in his capacity as | : | |
| Plan Administrator of Alpha Entertainment LLC, | : | Adversary Proceeding |
| | : | |
| Plaintiff, | : | Case No. 3:23-CV-00118-VAB |
| | : | |
| v. | : | |
| | : | |
| OLIVER LUCK, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| OLIVER LUCK., | : | |
| | : | |
| Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON, | : | |
| | : | |
| Third Party Defendant, | : | February 21, 2023 |

## THIRD PARTY DEFENDANT VINCENT K. MCMAHON'S
## MOTION TO DISMISS THIRD PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Third Party Defendant Vincent K. McMahon hereby moves to dismiss the Third Party Complaint dated August 17, 2022 (the "Third Party Complaint") filed by Defendant and Third Party Plaintiff Oliver Luck ("Luck").

As set forth more fully in the accompanying Memorandum of Law in support of this Motion, the Third Party Complaint seeking indemnity from McMahon fails as a matter of law because McMahon has no indemnity obligation to Luck under the Guaranty unless and until Luck

first establishes that Alpha Entertainment LLC ("Alpha") has an indemnity obligation to him and breached that obligation under Luck's Employment Contract. Here, Luck cannot seek and has not sought indemnity from Alpha, much less established that Alpha breached any indemnity obligation to Luck. Indeed, Alpha has no indemnity obligation to Luck as a matter of law because (i) Luck is barred from asserting any indemnity claim against Alpha and has waived any right to seek recovery against Alpha or its bankruptcy estate under a Delaware Bankruptcy Court order granting Luck's motion for relief from the automatic stay; (ii) the indemnification provision of Luck's Employment Contract with Alpha only applies to actions brought by a third party, and the adversary proceeding is brought by Alpha, not by any third party, as Luck has admitted; and (iii) Luck cannot seek indemnification from Alpha for compensation that Alpha already paid him under the Employment Contract. Because Alpha has no indemnity obligation to Luck under the Employment Contract, McMahon has no indemnity obligation to Luck under the Guaranty.

WHEREFORE, the Court should grant McMahon's motion to dismiss and dismiss the Third Party Complaint in its entirety with prejudice.

> THIRD PARTY DEFENDANT VINCENT K. MCMAHON
>
> By: */s/ Jerry S. McDevitt*
> Jerry S. McDevitt (*pro hac vice*)
> Curtis B. Krasik (*pro hac vice*)
> K&L GATES LLP
> K&L Gates Center
> 210 Sixth Avenue
> Pittsburgh, PA 15222
> Phone: (412) 355-6500
> Fax: (412) 355-6501
> Email: jerry.mcdevitt@klgates.com
> Email: curtis.krasik@klgates.com
>
> Jeffrey P. Mueller (ct27870)
> DAY PITNEY LLP
> 242 Trumbull Street

Hartford, CT 06103<br>
Phone: (860) 275-0100<br>
Fax: (860) 275-0343<br>
Email: jmueller@daypitney.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on February 21, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                 */s/ Jeffrey P. Mueller*
                                                 Jeffrey P. Mueller (ct27870)