# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                    :
In re                               :   Chapter 11
                                    :
ALPHA ENTERTAINMENT LLC,            :   Case No. 20-10940 (LSS)
                                    :
    Debtor.[1]                      :   **Ref. Docket No. 295**
                                    :
---------------------------------------------------------x

### AGREED ORDER GRANTING OLIVER LUCK'S MOTION FOR RELIEF FROM STAY TO JOIN ALPHA ENTERTAINMENT LLC IN CONNECTICUT PROCEEDING

Upon the Motion (the "*Motion*") of Oliver Luck for an order pursuant to 11 U.S.C. § 362(d)(1) for relief from the automatic stay to allow Oliver Luck to join Alpha Entertainment LLC ("*Alpha*") as a nominal defendant in the litigation between Oliver Luck and Vincent K. McMahon in the United States District Court for the District of Connecticut, Case Number 3:20-cv-00516-VAB (the "*Guaranty Action*") [Docket No. 295], for the sole purpose of obtaining a monetary judgment against Vincent K. McMahon; notice having been given to the Debtor, counsel for the Debtor, counsel for the Official Committee of Unsecured Creditors (the "*Committee*"), and the Office of the United States Trustee, and all other parties requesting notice in this case; and the Debtor and Mr. Luck having reached an agreement concerning the relief sought in the Motion; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted solely as set forth herein; and

IT IS FURTHER ORDERED that, pursuant to section 362(d)(1) of the Bankruptcy Code, effective as of the Lift Stay Effective Date (defined below), the automatic stay is hereby lifted, for the sole purpose of allowing Oliver Luck to join Alpha as a defendant in the Guaranty Action for

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

26875225.1

the sole purposes of (i) seeking a declaration of whether or not Alpha properly terminated Mr. Luck for cause under the Employment Contract[2] (the "***Declaratory Judgment Relief***") and (ii) seeking a monetary judgment against Vincent K. McMahon under the Guaranty. For purposes of this Order, the "***Lift Stay Effective Date***" shall be the earlier of the following: (i) October 31, 2020; or (ii) sixty days after the closing date of the asset sale (the "***Sale***") more particularly described in the Debtor's *Motion for Entry of: (A) An Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (II) Scheduling an Auction for and Hearing to Approve the Sale, (III) Approving Notice of Respective Date, Time and Place for Auction and for Hearing on Approval of Sale, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale Free and Clear of Liens, Claims, Rights, Encumbrances, and other Interests, and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) Related Relief* [Docket No. 55]; and

IT IS FURTHER ORDERED that the Debtor shall provide written notice of the closing of the Sale to Mr. Luck's counsel within one business day of its occurrence; and

IT IS FURTHER ORDERED that Mr. Luck shall not file a proof of claim against the Debtor or its estate and is hereby deemed to waive, and shall be forever barred from obtaining, any recovery against Debtor or its bankruptcy estate on account of any claim or claims (as defined in the Bankruptcy Code) against the Debtor or its bankruptcy estate in this bankruptcy case; provided, however, that Mr. Luck expressly reserves (i) the right to pursue the Declaratory Judgment Relief

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

26875225.1

2

and (ii) any and all defenses to any claims that may be asserted against him by the Debtor, or its successor in interest, including, but not limited to, the defenses of set-off and/or recoupment; and

IT IS FURTHER ORDERED that nothing in this Order modifies or compromises the rights of Vincent K. McMahon ("**McMahon**") with respect to Mr. Luck, the Debtor, or the Debtor's estate, including, without limitation, McMahon's rights to assert claims against the Debtor or the Debtor's estate for reimbursement, contribution, indemnification, subrogation, or otherwise under applicable law, which claims shall be asserted by McMahon only in the Bankruptcy Court; provided, however, that the Debtor, the Committee and other parties in interest reserve their right to contest or object to any such claims; and

IT IS FURTHER ORDERED that the stay of this Order pursuant to Fed. R. Bankr. P. 4001(a)(3) is hereby waived to allow Mr. Luck to immediately take any and all actions authorized by this Order upon the Lift Stay Effective Date.

**Dated: August 7th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

26875225.1

3