# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALPHA ENTERTAINMENT, LLC, | ) | U.S. Bankruptcy Court for the |
| | ) | District of Delaware, Case No. |
| | ) | 20-10940 (LSS) |
| | ) | |
| PETER HURWITZ, solely in his capacity as Plan Administrator of Alpha Entertainment LLC, | ) ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:23-CV-00118-VAB |
| OLIVER LUCK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| OLIVER LUCK, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VINCENT K. McMAHON, | ) | |
| | ) | |
| Third Party Defendant. | ) | April 24, 2023 |

**THIRD PARTY DEFENDANT VINCENT K. McMAHON'S OPPOSITION TO MOTION TO STRIKE PORTIONS OF McMAHON'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS THIRD PARTY COMPLAINT OR, IN THE ALTERNATIVE FOR LEAVE TO FILE A SUR-REPLY BY THIRD PARTY PLAINTIFF OLIVER LUCK**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 3

I.      Luck's Motion to Strike Is Procedurally Improper ............................................................ 3

II.     The Court Should Deny Luck's Motion to Strike Section II of McMahon's Reply ........... 4

        A.      Procedural History Related to Section II of McMahon's Reply ............................. 4

              1.      Luck's Third Party Complaint .................................................................... 4

              2.      McMahon's Motion to Dismiss Luck's Third Party Complaint ................. 5

              3.      Luck's Opposition to McMahon's Motion to Dismiss ............................... 6

              4.      McMahon's Reply in Support of the Motion to Dismiss ........................... 6

        B.      Section II of McMahon's Reply Responded to the New Argument in
             Luck's Opposition that McMahon Is Obligated to Pay Any Avoided or
             Recovered Transfers Based on his Guaranty of the Monetary
             Compensation Provision Not the Indemnification Provision ................................ 7

III.    The Court Should Deny Luck's Motion to Strike Section I(A)(1) of McMahon's
      Reply ................................................................................................................................. 8

        A.      Procedural History Related to Section I(A)(1) of McMahon's Reply .................... 8

              1.      McMahon's Motion to Dismiss Luck's Third Party Complaint ................. 8

              2.      Luck's Opposition to McMahon's Motion to Dismiss ............................... 9

              3.      McMahon's Reply in Support of the Motion to Dismiss ......................... 10

        B.      Section I(A)(1) of McMahon's Reply Responded to Luck's New Assertion
             in His Opposition that "this Court must disregard" His Prior Admissions
             Made to Two Different Federal Courts ............................................................... 10

IV.   Luck's Motion, In the Alternative, For Leave to File A Surreply Should Be
      Denied .............................................................................................................................. 11

CONCLUSION ........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baerga v. City of Hartford*,
    No. 3:22-CV-811, 2022 WL 16856097 (D. Conn. Nov. 10, 2022) ........................................ 12

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*,
    215 F.3d 219 (2d Cir. 2000) ............................................................................................... 8, 11

*Benjamin v. Oxford Health Ins., Inc.*,
    No. 3:16CV00408, 2017 WL 772328 (D. Conn. Feb. 28, 2017) ............................................. 3

*Colon v. Tucciarone*,
    No. CIV 3:02CV891, 2003 WL 22439588 (D. Conn. Oct. 27, 2003) ...................................... 8

*Davis v. Giles*,
    No. 3:17-CV-1176, 2018 WL 2172717 (D. Conn. May 10, 2018) .......................................... 6

*Doe v. Wesleyan Univ.*,
    No. 3:19-CV-01519, 2020 WL 13564635 (D. Conn. Sept. 15, 2020) ............................... 8, 11

*Knipe v. Skinner*,
    999 F.2d 708 (2d Cir. 1993) ..................................................................................................... 3

*Marshall v. Webster Bank, N.A.*,
    No. 10-CV-908, 2011 WL 219693 (D. Conn. Jan. 20, 2011) .................................................. 3

*Mohamed v. Nolan Law Group*,
    574 Fed. Appx. 45 (2d Cir. 2014) ............................................................................................ 3

*Murphy v. Glencore Ltd.*,
    No. 3:18-cv-01027, 2018 WL 5299709 (D. Conn. Oct. 25, 2018) .................................... 8, 11

*O'Brien v. Wisniewski*,
    No. 3:10-CV-120, 2012 WL 1118076 (D. Conn. Apr. 3, 2012) .............................................. 3

*Ricci v. DeStefano*,
    No. 3:04 CV 1109, 2006 WL 2666081 (D. Conn. Sept. 15, 2006) .......................................... 4

*Tech-Sonic, Inc. v. Sonics & Materials, Inc.*,
    No. 3:12-cv-01376, 2015 WL 4715329 (D. Conn. Aug. 24, 2015) ......................................... 3

*Tucker v. Am. Int'l Grp., Inc.*,
    936 F. Supp. 2d 1 (D. Conn. 2013) .......................................................................................... 4

*United States Sec. & Exch. Comm'n v. Ahmed*,
    No. 3:15-CV-675, 2021 WL 5815716 (D. Conn. Dec. 7, 2021) ..............................................12

**Other Authorities**

Fed. R. Civ. P. 12(f)................................................................................................................3, 4

D. Conn. L.Civ. R.  7(d) ........................................................................................................ *passim*

Third Party Defendant Vincent K. McMahon ("McMahon") respectfully submits this opposition (the "Opposition") to the Motion to Strike Portions of McMahon's Reply (the "Reply") in Support of His Motion to Dismiss Third Party Complaint or, in the alternative, for Leave to File A Sur-Reply (the "Motion to Strike") by Third Party Plaintiff Oliver Luck ("Luck").

## INTRODUCTION

In a last-ditch attempt to prevent this Court from considering arguments asserted by McMahon that foreclose the claims in Luck's Third Party Complaint, Luck filed the Motion to Strike inexplicably urging the Court to strike sections of McMahon's Reply that not only directly respond to arguments asserted by Luck in his Opposition but arguments that Luck raised for the first time in his Opposition. Thus, the Reply was McMahon's first opportunity to address such arguments. In accordance with Local Rule of Civil Procedure 7(d), the sections of McMahon's Reply that Luck seeks to strike specifically reference the relevant pages of Luck's Opposition and then proceed to respond directly to those matters.

In light of this strict compliance with Local Rule of Civil Procedure 7(d), McMahon can only assume that the real motivation behind the Motion to Strike is Luck's concern that McMahon's Motion to Dismiss is likely to be granted based on the sections of the Reply that Luck seeks to strike. In particular, Luck seeks to strike Section II and Exhibit 1 of the Reply arguing that Section II and Exhibit 1 raise "new matters outside the confines of Luck's Opposition." (ECF No. 42-1 at 8.) Section II and Exhibit 1, however, directly responded to the newly-minted argument in Luck's Opposition that McMahon is obligated to pay any avoided or recovered transfers based on his Guaranty of the Monetary Compensation provision of the Employment Contract with Alpha rather than the Indemnification provision of that contract. By definition, therefore, the Reply addressed matters in Luck's Opposition because this new theory was only

1

asserted for the first time in Luck's Opposition making the Reply the first and only opportunity that McMahon had to respond to it.

Luck's Motion to Strike Section I(A)(1) of McMahon's Reply is equally misguided. That section expanded upon the argument asserted in McMahon's Memorandum of Law in Support of his Motion to Dismiss (the "Opening Brief") that McMahon has no indemnification obligation to Luck under the Guaranty because Alpha has no indemnification obligation to Luck under the Employment Contract for, among other reasons, the Avoidance Action against Luck has been brought by Alpha and not by a third party as required to trigger the Indemnification provision of the Employment Contract. In support of this argument, McMahon noted that Luck "has repeatedly admitted that 'Alpha and the Plan Administrator are one and the same' and the Avoidance Action asserts Alpha's claims against Luck." (ECF No. 26-1 at 4-5, 15-17.) As a result, "Luck cannot now advance a position contrary to his prior representations to this Court." (*Id.* at 5.) In his Opposition, Luck unexpectedly asserted that "this Court must disregard" his prior admissions made to two different federal courts. Section I(A)(i) directly responded to this unexpected, and indeed remarkable, assertion by pointing out that Luck's prior representations in briefs and at oral argument to this Court and the Delaware Bankruptcy Court are binding judicial admissions.

Because the sections of McMahon's Reply at issue fully comply with Local Rule of Civil Procedure 7(d), Luck's Motion to Strike should be summarily denied. Once the diversionary tactics embodied by Luck's Motion to Strike are swept aside, the fatal legal deficiencies of Luck's Third Party Complaint are laid bare — precisely what Luck hopes to avoid.

**ARGUMENT**

**I.     Luck's Motion to Strike Is Procedurally Improper**

As an initial matter, Luck's Motion to Strike is procedurally improper. Rule 12(f) of the Federal Rules of Civil Procedure is the only federal rule that permits such motions and it only authorizes the court to strike portions of "pleadings." *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

No Federal or Local Rule of Civil Procedure permits a party to strike memoranda of law such as reply briefs.[1] *See O'Brien v. Wisniewski,* No. 3:10-CV-120, 2012 WL 1118076, at *3 (D. Conn. Apr. 3, 2012) (denying motion to strike reply brief and attached exhibits because "neither the assertions in plaintiff's counsel's reply brief, nor the exhibits attached thereto, are pleadings from which the Court might properly strike material under Rule 12(f)") (quotation marks omitted); *Marshall v. Webster Bank, N.A.,* No. 10-CV-908, 2011 WL 219693, at *12 (D. Conn. Jan. 20, 2011) (denying motion to strike reply brief because "a reply memorandum is not a pleading") (quotation marks omitted). Nor do they permit a party to strike exhibits attached to memoranda of law, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See Tech-Sonic, Inc. v. Sonics & Materials, Inc.,* No. 3:12-cv-01376, 2015 WL 4715329, at *7 (D. Conn. Aug. 24, 2015) ("Rule 12(f) allows a court to strike pleadings only, and [t]herefore it is inappropriate to strike material contained in exhibits to

---

[1] Luck cites three cases in which courts purportedly granted motions to strike reply briefs or portions of reply briefs. (Luck Mem. at 4.) The two Second Circuit cases are plainly inapposite because they considered motions to strike reply briefs under the appellate rules for raising new claims or arguments that were not raised in the trial court or in the appeal. *See Mohamed v. Nolan Law Group*, 574 Fed. Appx. 45, 46 (2d Cir. 2014) (motion to strike reply brief raising new claim for the first time); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (motion to strike argument that was not included in the appellant's Statement of Issues). The sole District of Connecticut case cited by Luck does not address the argument that motions to strike briefs are not permitted under the Federal or Local Rules of Civil Procedure. *See Benjamin v. Oxford Health Ins., Inc.*, No. 3:16CV00408, 2017 WL 772328, at *3 (D. Conn. Feb. 28, 2017).

motions.") (quotation marks omitted); *Ricci v. DeStefano,* No. 3:04 CV 1109, 2006 WL 2666081, at *1 (D. Conn. Sept. 15, 2006) ("Rule 12(f) allows a court to strike pleadings only.  Declarations and affidavits are not pleadings.  Therefore it is inappropriate to strike material contained in exhibits to motions.") (citations and quotation marks omitted).

Accordingly, Luck's Motion to Strike should be denied on that basis alone.[2]

## II.     The Court Should Deny Luck's Motion to Strike Section II of McMahon's Reply

The Court should deny Luck's Motion to Strike Section II and Exhibit 1 of the Reply.  Luck argues that Section II and Exhibit 1 raise "new matters outside the confines of Luck's Opposition." (ECF No. 42-1 at 8.)  But Section II and Exhibit 1 *directly respond* to Luck's new argument in his Opposition that McMahon is obligated to pay any avoided or recovered transfers based on his Guaranty of the *Monetary Compensation* provision of the Employment Contract with Alpha rather than the *Indemnification* provision of that contract.  Because Section II and Exhibit 1 respond to arguments made in Luck's Opposition, indeed arguments made for the first time in Luck's Opposition, they fully comply with the rules governing reply briefs and should not be stricken.

### A.     Procedural History Related to Section II of McMahon's Reply

#### 1.     Luck's Third Party Complaint

In his Third Party Complaint, Luck exclusively claims that McMahon guaranteed amounts allegedly owed by Alpha under the *Indemnification* provision of his Employment Contract with Alpha.

---

[2] Even when filed in accordance with the rules (and this motion is not), "motions [to strike] are viewed unfavorably and rarely granted" and "[t]he party moving to strike bears a heavy burden to establish the basis for the motion." *Tucker v. Am. Int'l Grp., Inc.,* 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013) (quotation marks and citations omitted).

In Count I, Luck seeks a declaratory judgment that McMahon is obligated under the Guaranty to (i) "*indemnify* Luck for such avoided and recovered transfers" made by Alpha to Luck, (ii) "*indemnify* Luck for any interest and expenses awarded to the Plan Administrator in the Avoidance Action," (iii) "*indemnify* Luck for all reasonable expenses incurred by Luck in connection with the Avoidance Action," and (iv) "*indemnify* Luck for any judgments or fines rendered or levied against Luck in the Avoidance Action."  (Third Party Compl. ¶¶ 30-33, Prayer for Relief A-D (emphases added).)

In Count II, Luck asserts a claim for "*Contractual Indemnification*" alleging that "[p]ursuant to the Guaranty, McMahon is required to *indemnify* Luck as set forth in the Employment Contract."  (Third Party Compl. ¶ 37.)  Specifically, Luck seeks a "judgment of *indemnification* against McMahon" for (i) "any sums awarded against Luck in the Avoidance Action, including the value of any transfers that the Plan Administrator avoids and recovers from Luck," (ii) "any interest and expenses awarded to the Plan Administrator against Luck," and (iii) "Luck's reasonable costs and expenses, including attorneys' fees, in connection with the Avoidance Action."  (*Id.* ¶¶ 38-39; Prayer for Relief E-F (emphasis added).)

### 2. McMahon's Motion to Dismiss Luck's Third Party Complaint

McMahon moved to dismiss Luck's Third Party Complaint on the grounds that he has no indemnification obligation to Luck under the Guaranty because Alpha has no indemnification obligation to Luck under the Employment Contract.  (ECF No. 26-1 at 12-13.)  In particular, McMahon argued (i) Luck waived any indemnification claims against Alpha, (ii) Alpha is not a third party under the Indemnification Provision, and (iii) Luck cannot seek indemnification from Alpha for compensation already paid to him under the Employment Contract.  (*Id.* at 15-21.)

5

### 3. Luck's Opposition to McMahon's Motion to Dismiss

Faced with these grounds for dismissal under the Indemnification provision, Luck improperly sought to amend his claims by asserting an entirely new theory in his Opposition. Although procedurally improper, *see Davis v. Giles*, No. 3:17-CV-1176, 2018 WL 2172717, at *7 (D. Conn. May 10, 2018) (a plaintiff "may not amend his complaint using a memorandum in opposition to a motion to dismiss"), Luck's Opposition tried to shift his theory away from McMahon's Guaranty of the ***Indemnification*** provision to his Guaranty of the ***Monetary Compensation*** provision of the Employment Contract. Specifically, Luck argued for the first time in his Opposition that "McMahon's obligation to pay Luck for any avoided transfers of his Monetary Compensation is based on McMahon's guarantee that such payments will be made under the Employment Contract and, therefore, is ***unrelated to the Indemnification Provision***." (ECF No. 31 at 21 n.8 (emphasis added).)

### 4. McMahon's Reply in Support of the Motion to Dismiss

Section II of McMahon's Reply Brief specifically quoted that portion of Luck's Opposition then proceeded to respond directly to it by arguing that (i) Luck's claims in the Third Party Complaint were based on the Indemnification provision of the Employment Contract rather than the Monetary Compensation provision; (ii) ███████████████████████████████████████████████████████████████████████████ and (iii) Luck impermissibly seeks to require McMahon to pay more than the maximum amount of Monetary Compensation to which he would be entitled under the Employment Contract. (ECF No. 38 at 9-10.)

### B. Section II of McMahon's Reply Responded to the New Argument in Luck's Opposition that McMahon Is Obligated to Pay Any Avoided or Recovered Transfers Based on his Guaranty of the Monetary Compensation Provision Not the Indemnification Provision

Luck's argument that Section II of the Reply fails to comply with Local Rule of Civil Procedure 7(d) is baseless. Local Rule of Civil Procedure 7(d) provides that "[a] reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies." D. Conn. L. Civ. R. 7(d). Section II of McMahon's Reply complies with this rule *to the letter* by specifically quoting Luck's argument in his Opposition, including the page number on which it appears, and then proceeding to respond directly to his argument.

The first paragraph of Section II of the Reply addressed Luck's argument that his claims are based on McMahon's Guaranty of the Monetary Compensation provision of the Employment Contract by pointing out that his claims in the Third Party Complaint are based on the Indemnification provision. (ECF No. 38 at 9.)

The second paragraph of Section II of the Reply refuted Luck's claim that McMahon has an obligation to pay Luck for avoided or recovered transfers under the Monetary Compensation provision by arguing that ███████████████████████████████████████ ███████████████████████████████ (*Id.* at 9-10.)

The third paragraph of Section II refuted Luck's contention that McMahon could be required to pay *additional* monies to Luck under the Monetary Compensation provision by arguing that Luck cannot receive *more than* the maximum amount of Monetary Compensation to which he would be entitled under the Employment Contract. (*Id.* at 10.)

Because all of the paragraphs in Section II of Reply directly respond to the arguments in Luck's Opposition, they should not be stricken. *See Bayway Ref. Co. v. Oxygenated Mktg. &*

7

*Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers") (quotation marks omitted); *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519, 2020 WL 13564635, at *2 (D. Conn. Sept. 15, 2020) (denying motion to strike reply brief because "the challenged portions of Plaintiff's Reply also directly respond to Defendant's Memorandum"); *Murphy v. Glencore Ltd.*, No. 3:18-cv-01027, 2018 WL 5299709, at *4 (D. Conn. Oct. 25, 2018) (denying motion to strike reply brief because "it is well-established in this Circuit that 'reply papers may properly address new material issues raised in opposition papers so as to avoid giving unfair advantage to the answering party . . . The footnote at issue did precisely that; it addressed the argument, newly raised in Plaintiff's Opposition Brief") (citation omitted); *Colon v. Tucciarone*, No. CIV 3:02CV891, 2003 WL 22439588, at *1 (D. Conn. Oct. 27, 2003) (denying motion to strike reply brief because "Defendants were responding directly to Plaintiffs argument").

**III.     The Court Should Deny Luck's Motion to Strike Section I(A)(1) of McMahon's Reply**

The Court should likewise deny Luck's Motion to Strike Section I(A)(1) of McMahon's Reply because that argument expands upon the argument asserted in McMahon's Opening Brief that Luck "has repeatedly admitted that 'Alpha and the Plan Administrator are one and the same' and the Avoidance Action asserts Alpha's claims against Luck" by directly responding to Luck's unexpected assertion in his Opposition that "this Court must disregard" his prior admissions made to two different federal courts.

**A.     Procedural History Related to Section I(A)(1) of McMahon's Reply**

**1.     McMahon's Motion to Dismiss Luck's Third Party Complaint**

McMahon moved to dismiss Luck's Third Party Complaint on the grounds that he has no indemnification obligation to Luck under the Guaranty because Alpha has no indemnification

8

obligation to Luck under the Employment Contract for, among other reasons, the fact that the Avoidance Action against Luck has been brought by Alpha itself and not by a "third party" as required to trigger the Indemnification Provision of the Employment Contract. (ECF No. 26-1 at 4-5, 15-17.) In support of that argument, McMahon noted that "Luck himself has repeatedly admitted that 'Alpha and the Plan Administrator are one and the same' and the Avoidance Action asserts Alpha's claims against Luck." (*Id.* at 4.) McMahon's Opening Brief specifically listed dozens of Luck's admissions to this Court and the Delaware Bankruptcy Court (*id.* at 4-5, 15-17), including Luck's unequivocal admission in urging this Court to enjoin the Avoidance Action then pending in the Delaware Bankruptcy Court that:

> Naming the Opposition the "Opposition of Peter Hurwitz, Plan Administrator of Alpha Entertainment LLC" ***does not magically change the Opposition from being Alpha's. The Plan Administrator acts on behalf of and in the name of Alpha and advances Alpha's claims, defenses, and arguments***. Mr. Hurwitz cannot act for Alpha in any capacity other than its Plan Administrator. Additionally, the [Plan Administrator's] Opposition does not deny that ***the Plan Administrator and Alpha are the same party. Therefore . . . "Alpha and the Plan Administrator are one and the same***."

(*Id.* at 16-17 (quoting Connecticut Action, ECF No. 455 at 1 n.1 (emphasis added)). In light of such repeated admissions, McMahon argued that "Luck cannot now advance a position contrary to his prior representations to this Court." (*Id.* at 5.)

### 2. Luck's Opposition to McMahon's Motion to Dismiss

Despite his prior admissions to two different federal courts, Luck implausibly asserted in his Opposition "it cannot reasonably be disputed that the Plan Administrator is a third party under the terms of the Employment Contract." (ECF No. 31 at 21.) Unable to dispute or explain away his prior admissions, Luck made the unexpected assertion that "this Court must disregard" them. (*Id.* at 31.) Specifically, Luck argued that his prior admissions are not subject to judicial estoppel, as a result of which he argued that he is entitled to assert blatantly inconsistent positions in this

9

case. (*Id.* at 29-31.) Notably, however, Luck did not explain, and certainly cited no authority for, why "this Court must disregard" his undisputed prior admissions to this Court and the Delaware Bankruptcy Court if the Court finds they are not subject to judicial estoppel.

### 3. McMahon's Reply in Support of the Motion to Dismiss

McMahon's Reply quoted Luck's assertion in his Opposition that "this Court must disregard" his prior admissions (ECF No. 38 at 2) and then responded to it with two arguments for why the Court should *not* disregard such prior admissions. First, in Section I(A)(1), McMahon argued that prior statements in briefs and at oral argument are binding judicial admissions under applicable law, which preclude Luck from taking inconsistent positions in this case. (*Id.* at 2-3.) Second, in Section I(A)(2), McMahon refuted Luck's position on judicial estoppel and argued that the Court can and should apply judicial estoppel here because Luck has played "fast and loose" with both this Court and the Delaware Bankruptcy Court by presenting inconsistent positions when it suited his interests. (*Id.* at 3-5.)

### B. Section I(A)(1) of McMahon's Reply Responded to Luck's New Assertion in His Opposition that "this Court must disregard" His Prior Admissions Made to Two Different Federal Courts

Luck's argument that Section I(A)(1) of the Reply fails to comply with Local Rule of Civil Procedure 7(d) is again baseless. As noted, McMahon initially identified Luck's numerous admissions to this Court and the Delaware Bankruptcy Court in his Opening Brief and, based on such prior admissions, asserted that "Luck cannot now advance a position contrary to his prior representations to this Court." Section I(A)(1) of McMahon's Reply, therefore, expanded upon the argument in McMahon's Opening Brief that Luck is precluded from asserting inconsistent positions in this lawsuit. Expanding upon an argument previously raised in a parties' motion to

10

dismiss are appropriate matters for a reply brief.  *See Doe*, 2020 WL 13564635, at *2 (denying motion to strike reply brief that "provided more detail to an existing argument").

In addition to expanding upon an argument initially raised in McMahon's Opening Brief, Section I(A)(1) of McMahon's Reply fully complied with Local Rule of Civil Procedure 7(d)'s requirement that "[a] reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies."  D. Conn. L. Civ. R. 7(d).  Section I(A)(1) specifically quoted Luck's assertion in his Opposition that "this Court must disregard" his prior admissions, including the page number on which it appears (*id.* at 2), and then responded to that assertion.  As noted, Section I(A)(1) argued that Luck's prior statements in briefs and at oral argument are binding judicial admissions without more.  (*Id.* at 2-3.)  This argument directly responded to Luck's new and unexpected assertion in his Opposition that "this Court must disregard" his undisputed prior admissions to this Court and the Delaware Bankruptcy Court if they were not subject to judicial estoppel.

As discussed above, "it is well-established in this Circuit that reply papers may properly address new material issues raised in opposition papers."  *Murphy*, 2018 WL 5299709, at *4 (internal quotations omitted); *see also Bayway Ref. Co.*, 215 F.3d at 226–27; *Doe*, 2020 WL 13564635, at *2.  That is precisely what Section I(A)(1) did here in full compliance with Local Rule of Civil Procedure 7(d).  Accordingly, Section I(A)(1) should not be stricken.

**IV.   Luck's Motion, In the Alternative, For Leave to File A Surreply Should Be Denied**

Luck's Motion, in the alternative, for leave to file a surreply should be denied because he lacks good cause to file a surreply brief.  "No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause."  D. Conn. L. Civ. R. 7(d).  Here, Luck cannot demonstrate good cause to file a surreply because McMahon's

11

Reply appropriately addressed arguments raised in Luck's Opposition and did not raise new arguments. *See Baerga v. City of Hartford*, No. 3:22-CV-811, 2022 WL 16856097, at *3 (D. Conn. Nov. 10, 2022) (holding that "Plaintiff has not established good cause for the filing of a surreply brief" because "Defendants' reply brief merely attempted to refute arguments Plaintiff made in her opposition, and did not raise any new arguments as to which Plaintiff otherwise would have lacked an opportunity to respond"); *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15-CV-675, 2021 WL 5815716, at *2 (D. Conn. Dec. 7, 2021) (denying leave to file a surreply brief because a reply brief "can address arguments made in an opposition").

## **CONCLUSION**

For all of the foregoing reasons, Luck's Motion to Strike should be denied.

THIRD PARTY DEFENDANT VINCENT K. MCMAHON

By: */s/ Jerry S. McDevitt*
Jerry S. McDevitt (*pro hac vice*)
Curtis B. Krasik (*pro hac vice*)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATE OF SERVICE

       I hereby certify that, on April 24, 2023 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    */s/ Jeffrey P. Mueller*
                                    Jeffrey P. Mueller (ct27870)